IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

| | |
|---|---|
| **JULLIAN A. HUFFMAN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00612 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **OFFICER J. RULEY, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Jullian A. Huffman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that jail officials have called him names and "pick[ed] on" him because of his gender identity disorder. Compl. 2, ECF No. 1. After review of the record, I find that the action must be summarily dismissed for failure to state a claim.

The incidents at issue occurred while Huffman was confined at Southwest Virginia Regional Jail (SWVRJ) in Duffield. Ruley calls Huffman a "faggot under his breath." *Id.* Ruley and Officer Wheele have allegedly threatened "to write [Huffman] bogus in house charges" to get him placed in segregation. *Id.* Although Ruley knows that Huffman "identif[ies] as a woman," Ruley allegedly calls the

inmate "Mr. Huffman." Compl. Attach., ECF No. 1-1. Huffman contends that the defendants' actions have caused him depression.

Huffman filed his § 1983 Complaint naming these individuals as defendants: Officer J. Ruley, Master Officer Wheele, Captain Steven Gullett, and Major Brian Parks. As relief, he seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state a viable § 1983 claim against anyone, the plaintiff must state facts showing action by each defendant that violated his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively

shown that the official charged acted personally in the deprivation of the plaintiff['s] rights").*

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019). Huffman's Complaint mentions defendants Gullett and Parks only in the caption. He does not state any facts concerning what either of these individuals did or failed to do so as to violate his constitutional rights. Therefore, I will summarily dismiss all claims against Gullett and Parks.

Moreover, Huffman's allegations against defendants Ruley and Wheele do not contain sufficient factual matter to support any plausible § 1983 claim against these officers. At the most, Huffman claims that their words made him feel depressed — when Ruley used a sexual slur or called him Mr. Huffman and when both officers verbally threatened him to bring disciplinary charges against him. Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005)

---

\* I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

(unpublished).  To the extent that a plaintiff alleges that a defendant threatened him but fails to allege that the defendant took steps to carry out the threat, the plaintiff fails to state a claim.  *Wilson v. McKellar*, 254 F. App'x 960, 961 (4th Cir. 2007) (per curiam) (unpublished).  "On the contrary, the law is clear that verbal abuse of inmates by guards, without more, does not state a claim for relief. . . . Nor do verbal harassment or idle threats to an inmate even if they cause an inmate fear or emotional anxiety constitute a violation of any constitutional rights."  *Capers v. Preston*, No. 3:10CV225-MU-02, 2010 WL 2015274, at *2 (W.D.N.C. May 19, 2010).  Huffman's allegations that the defendants made comments he found troubling or offensive, without more, cannot support any plausible claim that they violated his constitutional rights.  Therefore, I will summarily dismiss his claims against Ruley and Wheele.

In conclusion, for the stated reasons, I will summarily dismiss this case under § 1997e(c)(1) for failure to state claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED:   January 24, 2025

/s/  JAMES P. JONES
Senior United States District Judge